JOSÉ CAPÓ FORTUÑO, haciendo negocio bajo el nombre de RICARDO DÁVILA, SUCRS., peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; HON. TESORERO DE PUERTO RICO, hoy SECRETARIO DE HACIENDA, interventor. (Dos Casos.) JULIO T. RODRÍGUEZ, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; HON. TESORERO DE PUERTO RICO, hoy SECRETARIO DE HACIENDA, interventor.

Números 266, 267 y 269.

*Sometidos:* 26 de enero de 1953. *Resueltos:* 21 de febrero de 1956.

*Juan A. Faría,* abogado de los peticionarios; *Hon. Procurador General Víctor Gutiérrez Franqui* y *Arnaldo P. Cabrera, Procurador General Auxiliar,* abogados del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

Los peticionarios en los recursos de epígrafe[1] pagaron al Tesorero de Puerto Rico, hoy Secretario de Hacienda, arbitrios sobre ciertos lubricadores neumáticos y medidores de aire introducidos por ellos en la Isla. Estos aparatos, según dicho funcionario, estaban sujetos al pago de impuestos conforme al art. 16, párrafo 20, de la Ley de Rentas Internas de Puerto Rico, según quedó enmendado por la Ley 187 de 13 de mayo de 1948 ((1) pág. 521).

Después de dar cumplimiento a los trámites de ley, acudieron los peticionarios al anterior Tribunal de Contribuciones en solicitudes de reintegro de los arbitrios pagados, sosteniendo que no procedía su cobro toda vez que los referidos lubricadores y medidores de aire eran movidos por aire comprimido que suministraba "un compresor independiente de los aparatos en cuestión" pudiendo ser funcionado dicho compresor tanto por medio de un motor eléctrico como de otra manera; y que ni los lubricadores ni los medidores de aire eran accesorios del compresor, "sino que su función es independiente de la del compresor y más bien el compresor es un accesorio de los aparatos en discusión".

Sometidos los casos a la consideración del Tribunal con la estipulación de que los querellantes fueron las personas que sufrieron el peso del pago de los arbitrios correspondientes —en las cantidades acordadas— y de que en el 90% de las estaciones de servicio de automóviles y venta de gasolina que usan lubricadores neumáticos y medidores de aire, de la clase de los aquí envueltos, se emplean motores eléctricos para suplir el aire al compresor, el tribunal a quo, luego de realizar una inspección ocular en una estación de servicio de automóviles en Santurce para observar el funcionamiento de lubricadores neumáticos y medidores de aire iguales a los tri-

---

[1] Los tres recursos que aquí consideramos fueron consolidados para su trámite ante este Tribunal, por ser idéntica la cuestión de derecho envuelta y no haber controversia sobre los hechos.

butados en estos casos, llegó a la conclusión de que los mismos constituían artículos tributables bajo el inciso 20 de la sec. 16 de la Ley de Rentas Internas ya citada, por ser "accesorios" que de acuerdo "con el uso normal predominante", se usaban "en relación subordinada" al compresor, que en sí es un aparato eléctrico sujeto a impuesto por la ley; y, en consecuencia, declaró sin lugar las demandas de reintegro.

Los peticionarios impugnan ante este Tribunal, en los presentes recursos, las conclusiones de ley ya indicadas. No tienen razón.

 Los hechos que declaró probados el Tribunal—sobre los cuales no hay controversia—son los siguientes:

"A.—El lubricador neumático del caso de autos *no* es movido *directamente* por motor eléctrico. Tampoco lo es el medidor de aire que ha sido objeto del impuesto que se impugna. Ambos son movidos por la energía acumulada en determinada cantidad o peso de aire almacenado a presión en un receptáculo o recipiente.

"B.—Al abrirse alguna válvula en cualquier conducto que esté conectado con el receptáculo, parte de la energía potencial, o de la carga de presión, del aire comprimido, se transforma en energía cinética, o carga de velocidad, que es usada a través de los mecanismos del medidor y del lubricador neumático, dándole impulso a sus partes.

"C.—De *esa manera* es que ambos aparatos se ponen en funcionamiento, y de ellos se obtiene el servicio mecánico para que fueron manufacturados.

"D.—Un 90%, o sea tanto como el 30% en exceso del 60% que se dispone en el artículo 3 de la Ley de Rentas Internas, para establecer el 'uso normal predominante' de los consumidores en Puerto Rico, como grupo, usan lubricadores neumáticos y medidores de aire, de la clase de los envueltos en este pleito, *impulsados por aire que es comprimido por motores eléctricos*."

La sec. 16 de la Ley de Rentas Internas dispone que "Se cobrará y pagará como impuestos de rentas internas . . . . . . .

"Inciso 20 (según quedó enmendado por la Ley 187 de 13 de mayo de 1948). *Aparatos eléctricos o de Gas Flúido.—*

Sobre todo aparato eléctrico o de gas flúido, sin importar el uso para el cual se destine, y sobre toda parte y accesorio para los mismos, que se venda, traspase, use, consuma o introduzca en Puerto Rico, un impuesto de quince (15) por ciento sobre el precio de venta en Puerto Rico.

*"Disponiéndose,* que no se considerará aparato eléctrico o de gas flúido íntegramente una máquina o equipo cuyo trabajo u objetivo principal no se realice por medio de la electricidad o de gas flúido pero los aditamentos, 'features', o dispositivos movidos por electricidad o por gas flúido que realicen funciones accesorias dentro de o en conexión con dicha máquina o equipo, así como los accesorios para dichos aditamentos, 'features' o dispositivos estarán sujetos al pago del arbitrio que fija este inciso.

*"Disponiéndose, asimismo,* que en los casos de introducción, adquisición, venta, uso o traspaso, en Puerto Rico, de aparatos eléctricos o de gas flúido sin tener incorporada la fuente de energía con que han de ser movidos, la determinación del hecho de si son o no aparatos eléctricos o de gas flúido, para los fines de este impuesto, deberá hacerse por el Tesorero de Puerto Rico a base del 'uso normal predominante' que le den los consumidores como grupo, debiéndose entender que hay 'uso normal predominante' si 60 por ciento o más del número de adquirientes de los aparatos en cuestión los operan principalmente con energía eléctrica o de gas flúido.

*"Disponiéndose, además,* que excluyendo el alambre conductor de corriente, todo el material de instalación exterior no estará sujeto al impuesto que fija este inciso.

*"Disponiéndose, finalmente,* que dentro del concepto de aparatos eléctricos o de gas flúido se incluyen, pero sin entender que ello constituya una limitación, las plantas generadoras de corriente eléctricas, dínamos de todas clases y los compresores."

La sec. 3 de la propia Ley, según quedó enmendada por la Ley 166 de 3 de mayo de 1949 ((1) pág. 523), en lo pertinente dispone:

*"Partes y Accesorios*—Por el término 'parte', según se usa en esta Ley, se entenderá cualquier artículo u objeto de naturaleza sólida, que, aun cuando pudiera tener utilidad independiente, se haya hecho, de acuerdo con el "uso normal predominante" que le den los consumidores como grupo, para unirse a, anexarse físicamente a, o formar parte integrante en la cons-

titución de, cualquiera de los aparatos o artículos gravados por esta Ley, y sin importar que el uso de dichos artículos u objetos sea con fines exclusivamente ornamentales.

"*Disponiéndose,* que se entenderá que hay 'uso normal predominante' cuando sesenta (60) por ciento o más del número de consumidores en Puerto Rico usan el artículo u objeto para unirlo a, anexarlo físicamente a, o formar parte integrante en la constitución de, cualquiera de los aparatos o artículos gravados por esta Ley.

"Por el término 'accesorio', según se usa en esta Ley, deberá entenderse cualquier artículo o cosa de naturaleza sólida fabricada, manufacturada, adquirida, o introducida en Puerto Rico con el fin y de acuerdo con el 'uso normal predominante', de ser usada 'en relación' subordinada a cualquiera de los aparatos o artículos gravados por esta Ley, aun cuando dicho artículo o cosa sea recíprocamente impulsado o en otra forma auxiliado por el artículo principal.

"*Disponiéndose,* que la frase 'en relación', para los fines de esta Sección, incluye, pero sin entender que ello implique limitación, toda función, servicio o utilidad que preste, o se derive de cualquier artículo o cosa que coadyuve a, extienda, amplíe, encauce, propicie, logre, realce, perfeccione, mejore, aumente, regule, acelere, decelere, registre o mida, el funcionamiento, la utilidad, la producción o el servicio de otro artículo principal, tanto en las funciones básicas de éste como en las de sus aditamentos (*features*), pero quedan excluídos del alcance de la frase los siguientes artículos:

"$.$ $.$ $.$ $.$ $.$ $.$ $.$ $.$"

Como puede verse del inciso 20 de la sec. 16 antes transcrito, los *compresores* están incluídos específicamente dentro del concepto de aparatos eléctricos o de gas flúido sujetos a tributación. Los compresores en estos casos eran movidos por electricidad. Los lubricadores neumáticos y los medidores de aire eran movidos, a su vez, por la energía del aire comprimido que a través de los correspondientes conductos, les proveía dicho compresor. Si bien los lubricadores neumáticos y los medidores de aire, no tienen en sí fuente propia de energía, ni movimiento o impulsión propia, constituyen *accesorios*, según dicho término se define en la sec. 3 de la

ley arriba transcrita, ya que de acuerdo con el *uso normal predominante* se utilizan "en relación" subordinada al compresor eléctrico.

La frase "en relación", según la sec. 3 arriba transcrita, incluye "toda función, servicio o utilidad que preste, o se derive de cualquier artículo o cosa que coadyuve a, extienda, amplíe, encauce, propicie, logre, realice, perfeccione, mejore, aumente, regule, acelere, decelere, registre o mida el funcionamiento, la utilidad, la producción o el servicio de otro artículo principal, tanto en las funciones básicas de éste como en las de sus aditamentos (*features*) . . . . . ." Esa propia sección establece lo que se entenderá por "uso normal predominante", requisito éste que quedó cabalmente cumplido en este caso, ya que se estipuló por las partes que un 90% de los lubricadores neumáticos y medidores de aire en la isla son operados por aire comprimido de generadores movidos por electricidad. En efecto, según el *uso normal predominante*, los lubricadores y medidores de aire no son otra cosa que aditamentos a través de los cuales un artículo gravado por la ley—el compresor eléctrico—ejerce funciones de distinta índole: los lubricadores haciendo salir cierta cantidad de grasa a determinada presión para que pueda penetrar en distintas partes de los vehículos, y los medidores de aire marcando la cantidad o presión de aire llevada a los neumáticos. Ciertamente, dichos aparatos constituyen *accesorios*, dentro del alcance que a ese término da el estatuto, por usarse *en relación subordinada* a un aparato o artículo gravado por la ley, como es el compresor. Como tales accesorios, son tributables.

*Las sentencias serán confirmadas.*

El Juez Asociado Sr. Marrero no intervino.